POLEN, J.
Day Dawning Rawls timely appeals from a final order of the Public Employees Relations Commission (PERC) concluding that the Department of Corrections (DOC) had cause to discipline Rawls. She argues that PERC exceeded its authority when it re-weighed the evidence regarding “similarly situated employees” for purposes of determining disparate treatment, and erroneously re-weighed the evidence regarding her employment record for purposes of determining if mitigation was warranted. We disagree and affirm.

Facts

Rawls worked as a correctional probation officer for DOC. On May 15, 1998, she was charged with failure to follow written/oral instruction, negligence, and conduct unbecoming a public employee on two occasions. She was suspended from work for five days without pay.
The charges stemmed from her alleged misbehavior in the presence of two judges. This appeal primarily encompasses the first occasion in which she was found to have violated her duties in the presence of Judge Victor Tobin. At the evidentiary hearing, DOC presented testimony from Judge Tobin, his judicial assistant, and a public defender who was present in the courtroom when the incident involving Rawls occurred. Their testimony reflected that Rawls wanted Judge Tobin to sign a rush warrant on an offender whose probation was about to expire. Rawls entered the open courtroom while other proceedings were being held, and gave the affidavit and unsigned warrant to the bailiff for the judge’s signature. Judge Tobin handed both papers back to the bailiff and indicated that Rawls should talk to the judge’s judicial assistant regarding the warrant. At that point, Rawls responded belligerently and stormed out of the courtroom in an act of “unrestrained indignation.” Judge Tobin found Rawls’ behavior “appalling” and “bad.” As Rawls exited the courtroom, she ran into the judicial assistant and told her, rudely, “I don’t care if he [the offender] terminates or bonds out.” Rawls testified in her own behalf and gave an inconsistent version of the events.
The hearing officer found that Rawls showed flagrant disrespect to Judge Tobin in open court and, thus, that DOC had cause to discipline her. However, the officer mitigated Rawls’ suspension to a written reprimand and awarded reasonable attorney’s fees, costs, and back pay. The officer found that mitigation was warranted based on disparate treatment he found Rawls received. His finding as to disparate treatment was based on the fact that Willie Jenkins, a correctional probation supervisor, previously had received a written *594 reprimand for making inappropriate verbal comments to a co-worker in the presence of a supervisor and co-worker, and for shoving a coworker during the incident; and that another supervisor, Lamont Kennedy, received a one-day suspension for having screamed at a coworker while jabbing an ink pen toward her face. The officer found that the conduct of Jenkins and Kennedy was more egregious than Rawls’ and that those supervisors did not receive suspensions. As such, he concluded that the suspension given to Rawls was too severe “particularly in light of the evidence showing disparate treatment of two employees and Rawls’ short but favorable prior record.” In this regard, he rejected DOC’s explanation that the conduct of these supervisors differed from that of Rawls’ because their altercations did not occur in a courtroom or involve a judge. In addition, the officer found that Rawls’ good employment and disciplinary record militated “slightly” in favor of mitigation.
DOC filed exceptions to the officer’s recommended order. It contended that disparate treatment did not exist and, therefore, that mitigation was unwarranted. Specifically, it argued that Rawls was not similarly situated with respect to Kennedy and Jenkins because their job functions and responsibilities differed, and because they engaged)n different conduct.
PERC first adopted the hearing officer’s findings that Rawls’ conduct in Judge To-bin’s presence provided DOC with just cause to discipline her. However, it then made the following observations with respect to the officer’s findings and conclusions as to mitigation:
Initially, we note that Rawls’ short employment record offers only scant support for any reduction in her discipline. Next, we turn to consideration of the evidence of disparate treatment in this case....
The hearing officer based his determination of disparate treatment on the action taken with respect to Willie Jenkins and Lamont Kennedy. These two employees, however, are supervisors while Rawls is not. Thus, Jenkins and Lamont are not comparable to Rawls.
Moreover, we note that Jenkins and Kennedy were disciplined for assaulting coworkers in the office while Rawls has been disciplined for disrespectful conduct toward a judge in open court. The hearing officer opined that the conduct of Jenkins and Kennedy was more egregious than that of Rawls and, therefore, their lesser punishments warranted reduction of Rawls’ own discipline. We need not decide the gravity of these employees’ acts because it is apparent that they did not engage in conduct similar to that of Rawls. Not only was the conduct of Jenkins and Kennedy confined to the office, whereas Rawls acted out in public, but they engaged in assaults while Rawls spoke and acted disrespectfully. We simply will not engage in a wide-ranging comparison of the relative gravity of dissimilar conduct and its consequences.
It then rejected the officer’s determination that disparate treatment was a factor favoring mitigation in this case and, thus, granted DOC’s exceptions on this issue. It also concluded that Rawls’ employment and disciplinary record did not provide a sufficient basis for mitigation of her suspension.
Rawls moved for reconsideration of PERC’s final order, which was denied. This appeal followed.
/.
Rawls first argues that PERC improperly reweighed the evidence regarding the discipline afforded Rawls visa-vis Kennedy and Jenkins for the purpose of determining disparate treatment. Florida Statutes, section 447.208(3)(d) (1997) sets forth the parameters of PERC’s authority to consider whether the discipline of a public employee such as Rawls should be mitigated. Specifically, the statute directs PERC to reflect on four criteria, including the seriousness of the conduct, *595 disparate treatment of other employees, the employee’s previous employment and disciplinary records, and extraordinary circumstances beyond the employee’s control which temporarily diminished her capacity to perform her duties or which substantially contributed to the violation. § 447.208(3)(d), Fla. Stat. (1997). The employee has the burden of establishing that mitigation is appropriate based upon these factors. Bell v. Department of Health and Rehabilitative Servs., 9 F.C.S.R. ¶ 137 (1994). Once the employee satisfies her prima facie case, the burden shifts to the employer to rebut the employee’s case. Id.
In the instant case, the issue before PERC was not whether Jenkins’ and Kennedy’s behavior was more outrageous than Rawls’, or whether their behavior warranted more severe discipline than that given to Rawls; rather, the preliminary issue facing PERC was whether a comparison could even be made between Rawls and the two supervisors. In fact, our review of the record compels the conclusion that PERC did not reject any of the hearing officer’s findings as to the comparative egregiousness of the conduct of Rawls visa-vis Jenkins and Kennedy; instead, it appears PERC balanced the findings to reach the ultimate legal conclusion that Rawls did not prove she was similarly situated to Kennedy and Jenkins. The evidence revealed that Jenkins and Kennedy physically assaulted co-workers in a private office, whereas Rawls displayed rude and arguably contemptuous behavior to a judge in an open courtroom. Based on this evidence, we agree with PERC’s legal conclusion that a comparison between the conducts could not be made. See Microfile, Inc. v. Williams, 425 So.2d 1218 (Fla. 2d DCA 1983)(holding that reaching a different conclusion of law from that of the referee is within the scope of review of the commission).[1] Since a comparison could not be made, we hold that Rawls failed to prove a prima facie case of disparate treatment.

II.

Rawls also argues that PERC erroneously reweighed her employment record in concluding that mitigation was not warranted under the third factor in section 447.208(3)(d). § 447.208(3)(d)3, Fla. Stat. (1997). We disagree. The record shows that PERC accepted the officer’s finding that Rawls’ good employment record militated toward mitigation. The officer, however, never decided whether this factor alone was sufficient to justify mitigation. While an unblemished employment record has been held to favor mitigation, Allison v. Department of Health and Rehabilitative Sews., 7 F.S.C.R. ¶ 254 (1992), it does not mandate same. See Martin v. Department of Transp., 4 F.S.C.R. ¶ 333 (1989)(holding that no mitigation was warranted where seriousness of conduct outweighed twenty-eight years of unblemished employment record).
With respect to the other points raised by Rawls on appeal, we affirm as unpersuasive.
SHAHOOD, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.

. Moreover, as PERC noted in its order denying Rawls' motion for reconsideration, Rawls, as merely an probation officer, was not in a position similar to those of Jenkins and Kennedy, both supervisors.